CUTRER, Judge.
This is a possessory action affecting a narrow, rectangular shaped tract of land located along the common boundary of properties owned by plaintiff, Nathan All-britton, and defendant, Bill Powell. Powell’s property is contiguous to Allbritton’s property for a distance of 660 feet. The property in dispute is a narrow strip along this 660 foot boundary which strip measures 44 feet wide on the south end and 74 feet wide on the north end.[1]
The plaintiff alleges that he is the owner of a 120 acre tract of land, the eastern boundary of which is marked by a historical fence line which separates plaintiff’s property from defendant’s 36 acres. Plaintiff alleges that defendant caused a survey to be made with stakes or markers placed inside the fence line, which stakes delineated the strip described above. Plaintiff alleges that in approximately February 1979, defendant destroyed the fence line and cut timber off the strip in dispute. Plaintiff claims that he and his ancestors in title had possessed the property in dispute for many years and that such possession continued up to the date of the disturbance..
Powell filed an answer of general denial and a reconventional demand alleging that he was the possessor of the disputed property, and asked to be placed in possession thereof by the court.
After trial on the merits, judgment was rendered in favor of the plaintiff, maintaining his possession of the disputed area and ordering defendant to assert any adverse claim of ownership to the property in a petitory action within 60 days. Defendant’s reconventional demand was dismissed. Defendant appeals from this ruling. We affirm.
The principal issue presented on appeal is factual; that is, whether plaintiff has sustained the burden of proof under the law which would entitle him to a judgment of possession.
The elements of proof necessary in pos-sessory actions are set forth by this court in the ease of Broussard v. Motty, 174 So.2d
*848 246, 248, 249 (La.App. 3rd Cir. 1965), as follows:
“To maintain the possessory action, the possessor must allege and prove, among other things, that ‘(1) He had possession of the immovable property * * * at the time the disturbance occurred,’ and ‘(2) He * * * had such possession quietly and without interruption for more than a year immediately prior to the disturbance * * LSA-C.C.P. Article 3658.

“The type of possession required of a plaintiff in a possessory action is identical in nature to the possession upon which is based the acquisitive prescription of thirty years. Hill v. Richey, et al., 221 La. 402, 59 So.2d 434; Broussard v. Louisiana Land & Exploration Company, et al., La.App. 1 Cir., 164 So.2d 84 (writs ref.).

“In Hill v. Richey, supra, where the issues raised were similar to those presented here, our Supreme Court said:

‘In the case of Prevost’s Heirs v. Johnson. 9 Mart, O.S., 123, 174, this court for the first time announced the principle that, “* * * When a person claims by possession alone, without showing any title, he must show an adverse possession by enclosures, and his claim will not extend beyond such enclosures.” In Ellis v. Prevost. supra, this rule of law was reiterated and has continued to be reiterated in the jurisprudence since that time.’ (59 So.2d 434, 439)

‘What the court means by “enclosures”, as that term is used in the numerous cases found in the jurisprudence, is that the land actually, physically, and corporeally possessed by one as owner must be established with certainty, whether by natural or by artificial marks; that is, that they must be sufficient to give definite notice to the public and all the world of the character and extent of the possession, to identify fully the property possessed, and to fix with certainty the boundaries or limits thereof. To say that the term means “enclosed only by a fence or wall” would be giving it a very strict and narrow construction, not justified or supported by the articles of the Code, as we have hereinabove pointed out, and would lead to absurd consequences in some cases.’ (59 So.2d 434, 440)”

Defendant contends that the old fence line was inadequate to show the limits of plaintiff’s possession. Defendant also contends that plaintiff failed to prove possession of the disputed property for one year prior to the disturbance.
THE CONDITION OF THE FENCE LINE
The testimony concerning the condition of the old fence is conflicting. The plaintiff testified that prior to the purchase of the 120 acres in August of 1978, he had leased the property for grazing purposes, beginning in 1974. He stated that the fence was in good condition from the time that he leased the land until the disturbance took place in early 1979. This testimony of plaintiff as to the condition of the fence was corroborated by August Ryberg, the surveyor, and Joe Winn, who was a prior owner of the property.
Defendant and his witness testified that the fence was in a state of disrepair and had gaps in some places where no fence existed at all. Defendant stated that after the survey was made, he cut timber off the disputed property up to the survey line.
The trial court resolved the issue of credibility in favor of the plaintiff, relying heavily on the surveyor, Ryberg. The trial court reasoned as follows:
“Concerning the issue of which party was in possession of the disputed tract, the testimony, as is usual in these types of eases, is conflicting. Of prime significance is the alleged ‘boundary fence’. Defendant contends that it was so run down and neglected as to be invisible in many sections, and therefore not adequate to serve as any indication of a boundary to plaintiff’s possession. On the other hand, plaintiff contends that the fence was standing upright, was clearly visible, confined plaintiff's live *849 stock, and was ample to serve as a physical marker to the limits of plaintiff’s possession.

“In resolving this issue, the court is favorably impressed with the testimony of surveyor, August J. Ryberg, who appeared to be the only witness truly disinterested in the outcome of this case.

“In his deposition, Mr. Ryberg testified as follows:

‘Q. When you were out on the ground, Mr. Ryberg, I presume that you personally observed this fence line, and made whatever notations you needed to so that you could show it on the plat as you have done?

‘A. Yes, sir.

‘Q. First of all, tell me what that fence looked like, as best you can remember.

‘A. It’s a barbed wire fence, I believe it was a four strand fence.

“Q. Did it appear to be new?

“A. No, I wouldn’t say it was new, but it was in pretty good shape.

“Q. It was standing along the entire distance of the north Bill Powell line to the south Bill Powell line?

“A. Yes, sir.

“Q. Did it appear good enough where it would have held gentle cows, or livestock?

“A. I believe so.

“This testimony is very convincing and shows the Court that the fence was, in fact, sufficient to serve as a distinct boundary to the limits of plaintiff’s possession. ’’

The factual findings of the trial court will not be disturbed on appeal unless it can be shown that the trial court was clearly wrong in its findings. We find no such error in the trial court’s findings of fact.
PROOF OF POSSESSION
Defendant contends that plaintiff failed to prove the required possession of the narrow strip in dispute. He also contends that the plaintiff failed to prove that the property was “enclosed” as required by law.
Joe V. Winn, 83 years of age, testified that his father had acquired the 120 acres (now owned by Allbritton) in 1917. The property was used as a pasture for cattle grazing in those early days. A rail fence was located along the line that is in dispute in this suit. Winn stated that the rail fence was burned in 1917 by a forest fire. He stated that it was replaced immediately as the family had cattle in the pasture bordered by the rail fence and replacement was necessary to keep those cattle from roaming into other properties. The rail fence was replaced by a barbed wire fence which fence had been maintained in good condition until the disturbance in question took place. Winn stated that he had kept cattle in the 120 acre area up until he sold them in recent years. Winn also testified that he knew of his own knowledge that Allbritton had used the 120 acres as a pasture for the grazing of cattle. Allbritton began grazing his cattle on this acreage when he leased the property in 1974. Winn testified that Allbritton continued to graze cattle in the 120 acre pasture up until the fence was torn down.
Plaintiff testified that he was in the cattle raising business. He leased the 120 acres from William Winn for pasturage for cattle grazing. He continued to so use the acreage for this purpose up until the fence was removed along the line in dispute. He moved his cattle off the plot until he could build a new fence around the disputed area. He also stated that he had planted rye grass on some of the acreage and that it was necessary to build the new fence, after the disturbance, in order to enclose the pasture and to properly utilize the rye grass for his cattle.
The evidence establishes that plaintiff had possessed the property in question for several years prior to the institution of this action. The exercise of these grazing privileges over the 120 acres up to the old fence line, which includes the strip in question, along with the maintenance of the fence, constituted corporeal possession of the property in question. Broussard v. *850 Motty, supra; Kilchrist v. Conrad, 191 So.2d 705 (La.App. 3rd Cir. 1966).
Defendant’s contention that plaintiff failed to prove that the property was enclosed is without merit. The evidence is clear that this acreage had been maintained as an enclosed pasture for grazing purposes for many years. The testimony of plaintiff and Winn repeatedly refer to the necessity of maintaining the fence in question to keep the cattle from roaming on other people’s property. Plaintiff also testified that the fence in question was connected to fences of other landowners.
We conclude that plaintiff possessed the property in question quietly and without interruption for more than a year prior to the disturbance created when defendant removed the fence and cut the timber on the property. The plaintiff instituted the action within one year of the disturbance. Therefore, we agree with the trial court’s conclusion that plaintiff has satisfied the requirements of the law and is entitled to be recognized as the possessor of the property in question.
For these reasons, the judgment of the trial court rendered in favor of the plaintiff and against the defendant is affirmed. The defendant-appellant is to pay all costs of this appeal.
AFFIRMED.

. The judgment describes the property as follows:
“Start at the corner common to Sections 6 and 7, Township 8 North, Range 9 West, Natchitoches Parish, Louisiana, and Sections 1 and 12, Township 8 North, Range 10 West, Sabine Parish, Louisiana, and proceed thence South along the range line a distance of 3,960 feet to a point and corner, and proceed thence East a distance of 2,640 feet to the POINT OF BEGINNING of the parcel herein being described, and proceed thence South a distance of 660 feet to a point and corner, and proceed thence West a distance of 44 feet to a point and corner, proceed thence generally Northerly along a straight line to a point and corner lying 74 feet West of the POINT OF BEGINNING, and proceed thence East a distance of 74 feet to the POINT OF BEGINNING.”